The next case for argument this morning is 23-2903 Carnes v. HMO Louisiana. Mr. Logan, whenever you're ready. Good morning. May it please the court. My name is Ty Logan. I'm representing Paul Carnes, the plaintiff appellant in this case. This case began as a coordination of benefits dispute between two insurers that were providing the health insurance benefits for consolidated grain. One was Nationwide Agribusiness, which handled the workers' compensation side of that particular program, and the other was HMO Louisiana, which was the administrator for their ERISA plan, which was the group insurance. When Paul was injured, HMO Louisiana started to pay the benefits that they were obligated to pay, and then he filed a workers' compensation claim with Nationwide Agribusiness. HMO Louisiana stopped paying. At the same time, Nationwide denied coverage under the workers' comp, saying it was not a work-related injury. HMO Louisiana said, no, it is a work-related injury, and HMO Louisiana also said, and because you have now applied for work comp, you've alleged the work-related injury, and so it doesn't matter if it is or not. Mr. Logan, how do you get around the district court's preemption ruling? The district court specifically found, dismissed your Illinois claims because they were preempted by ERISA, given that the HMO Louisiana plan is an ERISA plan, and the district court gave you leave to replead ERISA claims, which you didn't. Instead, you filed a motion to reconsideration, but how do you get around ERISA preemption here? We don't get to ERISA preemption because this is a coverage issue that we're arguing about. But you, under the district court's reasoning, you do, and you haven't engaged in that. Because it's an ERISA plan, ERISA preempts the Illinois claims, and so you can't get around it if they're preempted. But I can't, if you have, nationwide agribusiness is not an ERISA plan. That's the work comp area. It's the other half of the coverage that Consolidated Grain is providing to my client. It's the one you're suing. You're suing HMO Louisiana. No, that was nationwide agribusiness. It's the other side of the insurance that Consolidated Grain is providing to my client. There's two sides of that insurance. Nationwide agribusiness is the work comp side, and it's not ERISA. Nationwide agribusiness could still be responsible for this medical bills if the injury is determined to be arising out of and in the course of employment. All we did in the case, my client didn't do anything wrong. All he did was settle the case. That's not dispositive of the issue. That is a settlement based on percentages and estimations, and it was not binding on HMO Louisiana at all. What was binding on Paul was that he no longer had the ability to sue and raise the issue with nationwide agribusiness. So the reason we don't get to ERISA is because nobody's determined that this is an injury that arose out of and in the course of employment, and both insurers who are part of the same plan, the same employer that's offering this plan to the employee, my client, both of those insurers have to agree in order to make that plan work, and they don't agree. Nationwide says not work-related. HMO says, oh, yes, it is work-related. So why is that my client's problem to work that out? And why is that an ERISA issue when it's the insurance companies that are disagreeing? Both of them are my client is the beneficiary of both of those plans that are both part of the consolidated packaging overall scheme for offering the insurance. So that's why, and that's why I filed in the motion to reconsider the Second Amendment, the Second Amendment complaint, was to make it clear two things that I think were not clear in the First Amendment complaint is that there are two insurance companies, part of the same plan, and that's made clear in the Second Amendment complaint and part of the motion to reconsider. The second point was we don't care which one pays. We don't need to have HMO Louisiana pay. If they find out the other one is liable, they can pay too. Either one is fine for us. So that's why it's not an ERISA claim. The second part of HMO's argument that the mere filing of the workers' compensation claim would cause my client to lose his coverage under the group health plan, since this is a consolidated grains plan, they are mandated to provide work comp insurance in Illinois, and that work comp insurance mandates that they do not discriminate in any way because of an employee's exercise of their rights under workers' compensation laws. So if my client, just by filing the act of filing the work comp claim, suddenly loses his coverage under HMO Louisiana's argument because he's now alleged a workplace injury, he's been discriminated against for exercising his rights under the work comp law. So that leaves the remaining dispute between the two insurers. This court in Central States, Southeast, Southwest VAIG, said the ERISA plans are left with just one way to ensure that they don't take claims for which other insurers are primarily liable. They refuse to provide coverage to beneficiaries who have other insurance and seek a declaratory judgment that the other insurer is primarily liable. So they were given just one way to do that. They decided to create a new one by doing nothing. When they found out about the fact that we did not have a claim to pursue in work comp, that we were settling it on a disputed basis that was not going to allocate medical, they didn't do anything. They didn't contact us. They didn't file a declaratory judgment. They didn't follow what Central States told them to do. They did nothing in order to create a new pathway. A new way to get this resolved is to force my client into filing a claim against them, which then they managed to convince the court had to be an ERISA claim because it's a plan beneficiary and this is a plan and so it's ERISA. But it's not ERISA because it still hasn't been determined which of those companies is responsible. Mr. Logan, you're into your rebuttal time if you want to save a little bit of time. I'll reserve for rebuttal. Thank you. Okay. Thank you. Mr. Mintzer? Good morning. Good morning, Your Honors. May it please the court, my name is Joel Mintzer. I'm here on behalf of HMO Louisiana. Mr. Carnes filed this lawsuit to get HMO Louisiana to pay his medical claims. You see, Mr. Carnes is a member of an ERISA health plan and HMO Louisiana is the claims administrator for that plan. But his suit is under state law, not under ERISA. And that's the problem because under ERISA, to get benefits, you can only bring suit under ERISA. This is the pilot life case that ERISA is the exclusive vehicle for benefits. So after Judge Darrow correctly dismissed that claim, a plaintiff changed his theory. He filed a purported second amended complaint with the alternative theory saying that HMO Louisiana should be required to file suit against the workers' comp carrier so that they can determine each other's responsibility. But ERISA preempts that as well. He's using state law to create an administrative requirement that an ERISA plan would have to file a lawsuit in order to enforce plan rights. That would relate to an ERISA plan, relate to being the operative term under 29 U.S.C. section 1144, and thus it falls under the preemption clause. So what we see now on appeal is yet another theory that comes up in the reply brief. On page 9 of the reply brief, the plaintiff is clear. He says that he's not asking the court to obligate HMO Louisiana to file a lawsuit. Okay, so then what's he asking for? Instead, he says, well, HMO Louisiana violated some bad faith as to, quote, established coordination of benefit procedures. What source established those procedures? If the source was ERISA, then he would have an ERISA claim, and he needs to bring a lawsuit under ERISA. Is there any opportunity for him to bring such a claim now? The district court dismissed it with prejudice. It is too late at this point. Because the record seems pretty clear that he suffers from a degenerative disc disease, which likely was not caused at work and something that would fall within the ERISA plan. He can still – I mean, if there's new injuries and new medical bills, he, of course, can submit those for payment under the health plan, and it goes through the normal procedures. But this lawsuit was about a particular bill from a particular hospital, and that's now been adjudicated. Why didn't your client inform him that if he settled the workers' compensation claim that he wouldn't be entitled to coverage under your policy? He was told before the settlement that there is an exclusion in the plan for claims that are submitted to workers' comp. When was he told that? It's a fact that's alleged in the second amendment complaint that was prior to the actual settlement. If his client had submitted – after submitting a workers' comp claim, had taken that case to final adjudication, right, whether it be the workers' comp board and then appealed, whatever, and yet there's a judicial decision that says that he's not entitled to it because it's not covering the workers' comp. Would his claim still be excluded under the HMO's exclusion language? Under the language as written, yes, but the exclusion also has a provision that allows someone to ask for an exception to it, right? The administrator has the discretion to say that they're going to cover it anyway. And, frankly, that's probably what should have happened here. Even before he sold the claim, he should have approached the administrator and asked for that or even afterwards asked for it. Is it too late to do that? With the final judgment, I mean, as a legal course, it probably is too late. Would the client still have mercy? I don't know. It just kind of puts Mr. Carnes in kind of a rock and a hard place, right, because he has this claim he believes may or may not be related to workers' comp. He could try to advance his claim under workers' comp, but, as you interpret the agreement, that means that there's no coverage under the HMO. Even if some court disagrees that it's a workers' comp claim, you say it's not covered under the HMO. And if he doesn't assert it and your client independently finds that it may be related to his workplace, that would also be excluded under the HMO. Is that correct? If it's a work-related injury, it would be excluded, yes. So I'm just trying to figure out if I'm in that situation, or if a client came to me in an advisement situation, how I would advise him with regard to being able to recover, either under workers' comp or under the HMO. It seems like there's this kind of gap there in coverage. So, Your Honor, I used to be in-house counsel for a health plan, and, in fact, there's a way that's commonly used in the workers' comp and in the personal injury method, in the personal injury cases, where the lawyers talk to the health plan in advance, and they just work it out in advance. And typically, the health plan will say, okay, if you want to assert, if you recover, we'll let you keep a portion of it, but you have to agree to pay us a portion of it. So that's how it usually happens. So I don't think this is actually a common circumstance, because most practitioners do it that way. So plaintiff's lawsuit is about these established coordination benefit procedures. There is no established coordination benefit procedure that they can actually cite. ERISA, the statute, doesn't contain it. It's not in the regulations. The ERISA plan at issue here has some, but he's not bringing his claim under that. Illinois statutes don't provide it. Instead, he relies on these two cases. And the most important point about these cases is that those are matters where the insurer chose to bring a lawsuit. None of them establish an obligation to bring a lawsuit. Your Honors, I think I've covered the important points. If the Court has additional questions, I'm happy to address them. I think the rest is in the briefs. So, in short, Mr. Carnes is using Illinois law to obtain ERISA benefits. And despite given the chance to plead an ERISA claim, he chose not to. And because ERISA preempts those state law claims, Judge Jarrell's decision should be affirmed. Thank you very much. Mr. Logan, rebuttal. Going back to the central states plan that we do rely on, where ERISA plans are left with just one way to ensure they don't pay claims which others are liable, they're supposed to bring the declaratory judgment. I'm a practitioner today of worker comp claims. And the way this is generally worked out is the insurance companies work it out between themselves, who's going to pay the medical. When I settle a disputed case, I'm settling on indemnity because I know the medical is covered by consolidated grains medical plans, of which HMO Louisiana is one and HMO Agribusiness is the other. One or the other is liable, just as the court in the North American case said. We went ahead and brought the case because we knew one or the other insurance company was liable, so we went ahead and paid it, and now we'd like a reimbursement. So the lawyers, yes, if there was only one plan that consolidated packaging had, and it was only an ERISA plan, we would contact the plan and try to work out the coverages. But there were two plans, and they were conflicting in their arguments. Have you asked the plan for an exception? I don't know which plan to ask. Have you asked either plan for the exception? I don't know. Well, I've settled with Nationwide Agribusiness, so I can't ask them for an exception. So I think that answers your question. Have you asked the ERISA plan for an exception? No, I have not. The district court, in their order dismissing the case, did a gratuitous analysis of what could possibly be language in an ERISA plan that would allow an employer to discriminate, just as we discussed here, and have an injured worker who brought a workers' comp claim lose his group health insurance just through the act of bringing that claim. And that shows you the degree of preemption the court was willing to go to once you got to the ERISA point without considering the joint liability, possible liability. And that analysis did not consider at all the statute that prohibits that discrimination. And, of course, Consolidated Grains is the one that's benefiting because these are both Consolidated Grains entities that are doing this. I see I'm out of time. Thank you, Mr. Logan. The court will take the case under advisement. Thanks to both counsel this morning.